**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 18 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| RICARDO A. LOPEZ-MARROQUIN, AKA Ricardo Lopez, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No.  18-72922 <br><br> Agency No. A044-286-222 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted June 3, 2020
Pasadena, California

Before:  CALLAHAN and NGUYEN, Circuit Judges, and KANE,[**] District Judge.

Ricardo Lopez-Marroquin, a native and citizen of El Salvador, seeks review

of the Board of Immigration Appeals' ("BIA") order affirming the denial of his

applications for relief from removal.  We have jurisdiction under 8 U.S.C. § 1252.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Yvette Kane, United States District Judge for the Middle District of Pennsylvania, sitting by designation.

We review legal decisions de novo and factual findings for substantial evidence, *Budiono v. Lynch*, 837 F.3d 1042, 1046 (9th Cir. 2016), and we deny the petition in part.[1]

1.      Substantial evidence supports the BIA's denial of withholding of removal. Lopez-Marroquin failed to show that he would more likely than not face persecution based on his membership in two particular social groups: "gay Salvadoran men" and "Salvadoran males with schizoaffective disorder [who] exhibit erratic behavior." While there is some evidence of discrimination and violence against homosexuals in El Salvador, the BIA reasonably found that the persecution was not sufficiently widespread such that Lopez-Marroquin would more likely than not suffer harm. The BIA also reasonably weighed Dr. Nickel's testimony. Dr. Nickels did not opine on the likelihood that Lopez-Marroquin would be subjected to electroconvulsive therapy ("ECT") without his consent, and testified that a psychiatrist informed him that the National Psychiatric Hospital ("NPH") was implementing ECT protocols. Even assuming Lopez-Marroquin would be committed to the NPH, the evidence is insufficient to show that he will likely suffer persecution or be placed in the harsh forensic unit.[2]

---

[1] Lopez-Marroquin also raises other issues, which we address in a concurrently filed opinion granting the petition in part.

[2] We do not reach the merits of the asylum claim, which requires only a "reasonable possibility" of suffering persecution. 8 C.F.R. § 1208.13(b)(2). The IJ and the BIA found Lopez-Marroquin statutorily ineligible for asylum due to his

2.     Substantial evidence also supports the BIA's denial of relief under the Convention Against Torture (CAT).  We review this issue de novo because Lopez-Marroquin argues the IJ failed to adhere to an implementing regulation that requires consideration of all evidence bearing on the possibility of future torture. *See* 8 C.F.R. § 1208.16(c)(3).  Although the IJ did not mention Lopez-Marroquin's country-condition evidence in evaluating his CAT request, the IJ did discuss this evidence in evaluating his request for withholding of removal.  We infer the agency considered and discounted this evidence for similar reasons in the CAT context.[3]  *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) (noting that the agency must "consider the issues raised and announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted" but need not "write an exegesis on every contention" (quoting *Lopez v. Ashcroft,* 366 F.3d 799, 807 n.6 (9th Cir. 2004))).

3.     Finally, Lopez-Marroquin's request that we appoint government-compensated counsel is foreclosed by *Perez v. Barr*, 957 F.3d 958, 965-66 (9th Cir. 2020), in which we held that the authority to appoint pro-bono counsel in a

---

vehicle theft conviction.  But our concurrently filed opinion concludes the conviction was not an aggravated felony, and hence that statutory bar does not apply.

[3] We need not decide whether Lopez-Marroquin is statutorily ineligible for withholding of removal and CAT relief for committing a particularly serious crime.  8 U.S.C. § 1231(b)(3)(B)(ii) (withholding); 8 C.F.R. § 1208.16(d)(2) (CAT).

Petition for Review does not necessarily entail the authority to order compensation.

**PETITION DENIED IN PART.**